(43 App. Div. 534.)

FLANNELL et al. v. O'BRIEN et al.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

REPLEVIN—BREACH OF CONTRACT—RIGHT TO POSSESSION.
　　Under a contract, plaintiff was to pay a sum as liquidated damages to the trustee of a corporation, which was not a party to the contract, in case of a breach, and to secure the amount gave a mortgage on certain property. On a breach by plaintiff, defendant, as agent of such trustee, took possession of the property, and plaintiff replevied it. *Held that,* although the parties with whom plaintiff contracted were members of the corporation, there was no consideration moving from it, as a corporation, to. plaintiff, and no contract with it, and hence defendant had no right to the property.

Appeal from municipal court, borough of Brooklyn, Fourth district.

Action in replevin by Isador Flannell and another against Edmund D. O'Brien, impleaded with others. From a judgment for plaintiffs, defendant O'Brien appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Bruce R. Duncan, for appellant.
David Hirshfield, for respondents.

WOODWARD, J. On the 16th day of August, 1898, plaintiffs entered into an agreement between the plaintiffs, as party of the first part, and Philip Halpern, H. Wolf, B. Halpern, Harry Cohen, and Jack Stiefelman, parties of the second part, in which, in consideration of the agreement, the parties of the second part undertook to work for the party of the first part, for a given consideration per week, for a period of one year; the party of the first part agreeing to employ them. Among the conditions of the agreement, which the plaintiffs offer undisputed evidence to show was signed in blank in order to bring a strike to a close, and the conditions of which were never submitted to the plaintiffs as promised, was one that no one of the parties of the second part should be called upon to labor more than nine hours in any one day during the period of one year. It was stipulated in the agreement, as it appeared in evidence, that, if the party of the first part required more than nine hours per day of labor, the party of the first part should pay to one Jacob Weirabeitick (not a party to the contract or agreement) the sum of $150 as liquidated damages. At a period subsequent to the signing of this agreement the plaintiffs took a contract for some work, and, the price being low, they called their workmen together, and stated to them that they could not afford to pay the old rate of wages for a nine-hour day; that those who were willing to work ten hours could remain, and those who were not could go home. Two of the parties to the agreement quit work, refusing to labor ten hours per day, and the party of the first part, under the terms of the agreement, thus became liable to the trustee of the Children's Jacket Makers' Union in the sum of $150. Simultaneously with the execution of the agreement under which this liability is supposed to have accrued, the plaintiffs gave a chattel mortgage upon certain sewing machines owned and used by them, as security for the payment of the liquidated damages agreed upon; and the defendant O'Brien, as the agent of Weirabeitick, after demanding the money from the plaintiffs, took possession of the sewing machines under the terms of the mortgage. This action was brought to replevy the machines, and for damages growing out of their retention by the defendant. The learned trial court found in favor of the plaintiffs, holding that the contract was lacking in mutuality of consideration, and that it was void. From the judgment entered in favor of the plaintiffs, the defendant O'Brien appeals to this court.

The Children's Jacket Makers' Union, a corporation, is the real party interested in this appeal; and not having been a party to the original agreement, as its trustee was not, we are unable to see how it could have any rights under that agreement, conceding it to

have been a valid contract. It is practically conceded by the defendants' counsel in his brief that Weirabeitick has no rights, not being a party to the contract; but it is urged that he is practically the trustee for the benefit of the Children's Jacket Makers' Union, a corporation of the state of New York, and that the parties of the second part were members of the union. In this way it is sought to show a connection between the beneficiary and the makers of the contract. If the Children's Jacket Makers' Union is a corporation, the individuals who compose it are merged in the corporation. That, in the eyes of the law, is as distinct as any individual entity, and the courts will not inquire who are the persons incorporated, for the purpose of establishing relationship with a contract of the character set forth in this case. There was no consideration moving from the defendant, or those in whose interest he was acting, to the plaintiffs; there was no contract between them; and the defendant had, therefore, no right to take possession of plaintiffs' property.

The judgment of the court below should be affirmed, with costs. All concur.